57 F.3d 1002
 35 U.S.P.Q.2d 1380
 AEROSPACE SERVICES INTERNATIONAL,
Plaintiff-Counter-Defendant-Appellant, Cross-Appellee,
v.
The LPA GROUP, INCORPORATED,
Defendant-Counter-Claimant-Appellee, Cross-Appellant.
 No. 92-9232.
 United States Court of Appeals,
Eleventh Circuit.
 July 7, 1995.
 
 Ralph G. McCallum, Jr., Marietta, GA, Philip A. Gagner, Shaughnessy, Borowski & Gagner, Washington, DC, for appellant.
 Larry S. McReynolds, John Michael Welch, McReynolds & Welch, Atlanta, GA, Daniel J. Brailsford, Thomas W. Bunch, II, Robinson McFadden & Moore, Columbia, SC, for appellee.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before DUBINA, Circuit Judge, RONEY and ESCHBACH*, Senior Circuit Judges.
 PER CURIAM:
 
 
 1
 Our previous per curiam opinion published at 49 F.3d 719 (11th Cir.1995) is withdrawn, and the following opinion is substituted. This is a copyright infringement case in which plaintiff Aerospace Services International ("ASI") appeals from the district court's determination of actual damages and its refusal to award statutory damages and attorney's fees based on the limited publication doctrine. Defendant LPA Group, Inc. ("LPA"), cross-appeals from the district court's decision to reject its defense of joint authorship. We affirm the district court on all grounds.
 
 
 2
 ASI brought a claim against LPA under the Copyright Act of 1976 ("the Act"), 17 U.S.C. Secs. 101-1101, for the alleged copyright infringement of a document entitled "Baton Rouge Airport Security System Performance Specification" (the "BRASS specification"), which was a compilation of technical requirements for the designing of a particular airport security system.[1] After holding a bench trial, the district court issued an order on October 27, 1992, awarding actual damages to ASI in the amount of $4158.00. However, the district court refused to award statutory damages and attorney's fees to ASI because it concluded that there was only a limited publication of the BRASS specification, as opposed to a general publication. On appeal, ASI challenges this conclusion of the district court.[2]
 
 
 3
 A limited publication has been defined as "a publication that 'communicates the contents of a [work] to a definitely selected group and for a limited purpose, and without the right of diffusion, reproduction, distribution or sale.' " Brown v. Tabb, 714 F.2d 1088, 1091 (11th Cir.1983) (quoting White v. Kimmell, 193 F.2d 744, 746-47 (9th Cir.), cert. denied, 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357 (1952)). In the case at bar, ASI provided LPA with the BRASS specification in accordance with a subcontract agreement, and LPA in turn used this document in designing and installing a comprehensive airport security system for the Baton Rouge Metropolitan Airport. The district court found that the distribution of the BRASS specification was limited to LPA and the Federal Aviation Authority, and it was not distributed to the general public. Moreover, ASI placed the following restriction on its BRASS specification:
 
 
 4
 No portion of this specification may be used, adapted, or quoted without the express consent of ASI, Inc. A limited license is granted to LPA to use this document in the performance of its contract with the Baton Rouge Metropolitan Airport to develop a security system in compliance with FAR 107.14. LPA and any other party will be subject to a licensing fee for any other use, dissemination or adaptation.
 
 
 5
 This restrictive language, coupled with the fact that the BRASS specification was not distributed to the general public, supports the court's conclusion that there was only a limited publication. The district court therefore committed no error in refusing to award statutory damages and attorney's fees based upon its proper determination that no general publication had occurred.
 
 
 6
 ASI also contends that the district court erred in determining the amount of actual damages. The Act provides that a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. Sec. 504(b). ASI's measure of the amount of damages it suffered was properly rejected as too speculative, and the district court instead looked to the amount of LPA profits which were attributable to the infringement. LPA had incorporated portions of the BRASS specification verbatim into two other documents that it used for two different airport security system projects, and the district court found that LPA's total fees allocable to the use of these two documents were approximately $15,000. The district court then determined that only a small percentage of the $15,000 was actually attributable to the copied material. Accordingly, the court awarded ASI damages in the amount of $4158, which represented "that percentage of the $15,000 attributable to the use of the BRASS specification." Order, October 27, 1992, at 15. Since the evidence supports the district court's apportionment of the LPA profits, see Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 405-06, 60 S.Ct. 681, 686-87, 84 L.Ed. 825 (1940), we uphold the district court's determination of the amount of damages.[3]
 
 
 7
 Finally, LPA cross-appeals from the district court's rejection of its joint authorship defense. The Act defines a joint work as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. Sec. 101. The evidence in the instant case supports the district court's finding that "the parties did not intend for the BRASS specification to be a joint work and that the respective contributions of ASI and LPA were neither 'inseparable' nor 'interdependent.' " Order at 12. Thus, the court properly rejected LPA's joint authorship defense.
 
 
 8
 For the reasons set forth above, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 Neither party has challenged on this appeal the copyrightability of the BRASS specification. Accordingly, we decline to consider the issue. See BellSouth Advertising & Publishing Corp. v. Donnelley Information Publishing, Inc., 999 F.2d 1436, 1440 n. 11 (11th Cir.1993) (en banc)
 
 
 [2]
 While ASI challenges the district court's finding that under the facts of this case there was only a limited publication, neither party has challenged the district court's legal conclusion that the lack of a general publication would preclude an award of statutory damages and attorney's fees in the instant case. Section 412 of the Act provides that "no award of statutory damages or attorney's fees, as provided by sections 504 and 505, shall be made for ... any infringement of copyright in an unpublished work commenced before the effective date of its registration," 17 U.S.C. Sec. 412 (emphasis added), and it is undisputed that LPA's infringement of the BRASS specification copyright commenced before the effective date of its registration. Thus, so long as the BRASS specification's publication was sufficiently limited as to constitute an unpublished work, the district court properly refused to award statutory damages and attorney's fees
 
 
 [3]
 In response to ASI's argument for greater damages, LPA points out in a footnote of its brief that the amount of damages should actually be reduced to $2163 because the district court made a mathematical error; however, we will not address the merits of such a claim because LPA failed to raise this issue of improper damages on cross-appeal. See Dart v. Brown, 717 F.2d 1491, 1493 n. 1 (5th Cir.1983) ("Because [defendant] failed ... to file a cross-appeal on this issue, we are not at liberty to consider it. Champagne v. Chevron, U.S.A., Inc., 605 F.2d 934, 936 (5th Cir.1979).")